LEHOTSKY KELLER COHN LLP
408 West 11th Street, Fifth Floor
Austin, Texas 78701
Scott A. Keller
scott@lkcfirm.com

September 10, 2024

Mr. Lyle W. Cayce
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

    RE:   *NetChoice v. Paxton*, No. 21-51178

Dear Mr. Cayce:

    Defendant's reliance on *Anderson v. TikTok, Inc.*, No. 22-3061, 2024 WL 3948248 (3d Cir. Aug. 27, 2024), *see* Doc. 342, is misplaced for three primary reasons.

    *First*, *Anderson* interpreted 47 U.S.C. §230. But Plaintiffs here prevail under the First Amendment alone, which protects websites' curation of speech "created by others." *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2400 (2024). Defendant argues that websites "have no First Amendment protection in connection with such third-party speech." Doc. 342 at 2. This defies *Moody*—which is binding Supreme Court precedent. *See Garrett v. Lumpkin*, 96 F.4th 896, 902 & n.4 (5th Cir. 2024).

    *Second*, HB20 covers only the largest "social media platform[s]"—those with 50 million or more monthly U.S. users. Tex. Bus. & Com. Code §120.002(b). This excludes email and websites whose primary purpose is direct messaging or commercial transactions (like Etsy, Venmo, or Uber). *Id.* §120.001(1). Any concerns about such actors, *see Moody*, 144. S. Ct. at 2398,

are not implicated here. The websites targeted by HB20 moderate content to enforce their community guidelines. *See* ROA.359; ROA.383-85; ROA.1664-1721. Using "algorithms to implement those standards" is fully protected under *Moody*. 144 S. Ct. at 2403. And hypothetical algorithms that "respond solely to how users act online," *id.* at 2404 n.5, are not even covered by HB20 Section 7 because they would rely on user choice, not *viewpoint, see* Tex. Civ. Prac. & Rem. Code §143A.002(a).

*Third*, *Anderson* contradicts this Court's decisions that §230 protects "[a]ctions quintessentially related to a publisher's role," including "filter[ing] content." *Free Speech Coal., Inc. v. Paxton*, 95 F.4th 263, 286 (5th Cir. 2024); *see Doe v. MySpace, Inc.*, 528 F.3d 413, 420 (5th Cir. 2008) ("publishing, editorial, and/or screening capacities"). *Anderson* ignores §230's text, which turns on whether a website publishes "*information* provided by *another* information content provider." 47 U.S.C. §230(c)(1) (emphases added). This protection does not lapse just because decisions about displaying user-generated speech are protected by the First Amendment.

Plaintiffs respectfully request that this Court grant their pending motion for supplemental briefing (Doc. 328) to allow further discussion of these free-speech protections.

          Respectfully submitted,

          <u>/s/ *Scott A. Keller*</u>
          Scott A. Keller
            *Counsel of Record*
          LEHOTSKY KELLER COHN LLP
          408 West 11th Street, Fifth Floor
          Austin, Texas 78701
          (512) 693-8350
          scott@lkcfirm.com

cc: All counsel of record via CM/ECF